# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Kevin L. Wright

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 06-33294

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Motion of the United States Trustee to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(1). At the conclusion of the Hearing, the Court ordered the Debtor to submit updated information concerning his financial situation. (Doc. No. 19). The Debtor has since submitted this information, and after reviewing it, as well as all of the relevant evidence in this matter, the Court finds that the Motion of the United States Trustee to Dismiss should be Denied.

## FACTS

In August of 2006, the Debtor, Kevin Wright (hereinafter the "Debtor"), filed a voluntary petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In the schedules accompanying his petition, the Debtor disclosed that he is single, that he has no dependents and that he is employed as a truck driver. From his employment, the Debtor set forth in his initial bankruptcy filing that he receives a gross monthly salary of $3,850.02 which, after accounting for mandatory payroll deductions, nets the Debtor $2,806.15.

Against his net income, the Debtor disclosed $3,288.19 in current monthly expenditures, thus leaving the Debtor a deficiency in his household budget of almost $500.00 per month. Among the

**In re Kevin L. Wright**
**Case No. 06-33294**

monthly expenditures the Debtor set forth: a $1,000.30 house payment; real estate taxes of $113.13; and a monthly car payment of $831.60.

The Debtor's schedules revealed only two assets of any significant value: a residence valued at $60,000.00; and an automobile valued at $20,000.00. According to the figures provided by the Debtor, however, both of these assets were fully encumbered by liens well in excess of the value of each of the properties. As for the disposition of these two items of property, the Debtor disclosed in his bankruptcy filing that he intended to surrender both.

After the Hearing held on the Motion of the United States Trustee (hereinafter "UST") to Dismiss, the Debtor submitted a revised accounting of his current monthly income and expenditures. (Doc. No. 19). These figures showed a downward adjustment in his gross monthly salary of almost $800.00, leaving then the Debtor a net monthly income of $2,349.24. Additionally, the Debtor revised his monthly expenditures to reflect the surrender of his residence and automobile, substituting, in their stead, these figures: $625.00 for estimated rent; and $275.00 for an estimated auto payment. After making some other minor adjustment to his monthly expenditures, the Debtor set forth that his monthly expenditures totaled $2,339.00, just $10.24 less than his net monthly income.

## DISCUSSION

Before this Court is the Motion of the UST to Dismiss pursuant to 11 U.S.C. § 707(b)(1). As a determination of dismissal under this section directly involves the ability of a debtor to receive a discharge and directly affects the creditor-debtor relationship, this matter is a core proceeding over which this Court has the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(J)/(O); 1334.

Page 2

**In re Kevin L. Wright**
Case No. 06-33294

On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act, otherwise known as BAPCPA, became effective. Prior to BAPCPA, § 707(b) provided that a debtor's bankruptcy case could be dismissed if the court found that the granting of relief would be a "substantial abuse." By way of BAPCPA, however, Congress made it less difficult to dismiss a case for abuse by dropping the adjective "substantial." 11 U.S.C. § 707(b)(1). Congress also eliminated in BAPCPA what had otherwise been a safeguard for the debtor: under the former § 707(b), there existed a presumption in favor of allowing the debtor's case to proceed.

In now providing that a debtor's Chapter 7 case may be dismissed for just "abuse," as opposed to "substantial abuse," § 707(b) sets forth two methods by which a court is to make such a determination. First, § 707(b)(2) sets forth a formulaic approach, known as the 'means test,' whereby a debtor's ability to repay his or her debts is gauged. If then, under this test, an ability to pay threshold is met, the statute provides that "the court shall presume abuse exists." 11 U.S.C. § 707(b)(2)(A). Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors. 11 U.S.C. § 707(b)(2)(B).[1]

Even in the absence of any presumption of abuse arising under § 707(b)(2), the following paragraph, § 707(b)(3), provides that a court may still dismiss a case based upon the particular circumstances of the case. This basis for dismissal is completely independent from § 707(b)(2); thus simply because no presumption arises according to the 'means test,' does not insulate a debtor from a finding of abuse. In determining whether a dismissal for abuse is proper under § 707(b)(3), the

---

[1] To rebut a presumption of abuse which arises under § 707(b)(2)(A), this section provides: "In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative."

Page 3

In re Kevin L. Wright
Case No. 06-33294

court is required to consider "whether the debtor filed the petition in bad faith" or whether "the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse."

In this matter, the Motion of the UST to Dismiss is brought in accordance with the grounds contained in both paragraphs (b)(2) and (b)(3) of § 707. But insofar as it concerns the applicability of paragraph (b)(2), the basis of the UST's Motion rested on the Debtor's surrender of his residence and automobile, together with this legal conclusion: that payments due on secured property that will not ultimately be retained must be excluded from the 'means test' calculation of this provision. Recently, however, the Court rejected this argument in another case,[2] thereby rendering, in this matter, the Debtor's ultimate surrender of his residence and automobile of inconsequential value for purposes of § 707(b)(2). Consequently, as the UST has raised no other issue with respect to § 707(b)(2), the Court's analysis will focus solely on the standard for abuse contained in § 707(b)(3).

When determining whether, under paragraph (b)(1), a case should be dismissed for abuse, § 707(b)(3) provides that a court is to consider, (1) whether the debtor filed the petition in bad faith, or (2) whether the totality of circumstances demonstrate abuse. In its Motion, the UST arguments focused on the latter basis for dismissal – the totality of the circumstances. As the movant, the UST carries the overall burden of demonstrating, by at least a preponderance of the evidence, the applicability of this ground for dismissal.

Previously, this Court noted that the "two grounds for dismissal under § 707(b)(3) are best understood as a codification of pre-BAPCPA case law[.]"*In re James/Lena Oot*, Case No. 06-31622, pg. 5 (March 19, 2007). Resultantly, this Court, as well as others in the Northern District of Ohio, has applied pre-BAPCPA case law when determining whether the totality of circumstances demonstrate abuse. *In re Simmons*,— B.R.— , 2006 WL 3782959 (Bankr. N.D.Ohio 2006); *In re*

---

[2]*In re Haar*, — B.R. — , 2007 WL 521221, Case No. 06-31270 (Bankr. N.D.Ohio 2007).

Page 4

**In re Kevin L. Wright**
**Case No. 06-33294**

*Mestemaker*, — B.R. —, 2007 WL 79306 (Bankr.N.D.Ohio 2007) (pre-BAPCPA case law is still helpful in determining abuse under § 707(b)(3)). For this purpose, two pre-BAPCPA decisions rendered by the Sixth Circuit Court of Appeals directly address the totality of circumstances standard of § 707(b): *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989) and *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434-35 (6th Cir. 2004). Together, these cases establish the rule that, when weighing the totality of circumstances, a finding of abuse may "be predicated upon either a lack of honesty or want of need." *In re Krohn*, 886 F.2d at 126.

In this matter, the UST did not make any allegations questioning the Debtor's honesty. Rather, as it regards the totality of the circumstances, the UST argues that the Debtor lacks the need for Chapter 7 relief for the reason that he "has the ability to repay his creditors because he will no longer be making mortgage payments and he has the opportunity to reduce his automobile payment to a more affordable amount." (Doc. No. 14, at pg. 6). Thus, according to the UST, the Debtor "can repay his creditors out of his future earnings." *Id*. The Court's own review of the Debtor's financial situation, however, does not support this view.

The revised income and expense figures submitted by the Debtor show that, even after surrendering his home and motor vehicle, he has just $10.00 per month in disposable income. And while this Court is not required to blindly accept a debtor's purported income and expense figures, a review of the Debtor's income and expenses in this matter shows nothing significantly out of the ordinary. Of importance, while the Debtor, in surrendering his home and automobile, is no longer required to service these obligations, he is still entitled to allocate a reasonable amount of money toward these categories of expenses, which he has done.

There is nothing out of the ordinary for a debtor to allocate $625.00 for estimated rent and $275.00 for an estimated auto payment as the necessary costs for shelter and transportation. In fact, and although it is not dispositive of the issue, it is observed that such amounts are in line with what,

Page 5

**In re Kevin L. Wright**
**Case No. 06-33294**

under the 'means test' of § 707(b)(2), Congress deemed to be appropriate thresholds for such categories of expenses.[3]

To be sure, the Court does find the decline in the Debtor's income expedient. In the revised income and expense figures submitted to the Court, completed just three months after he filed his petition, the Debtor's net monthly income went from $2,806.15 to $2,349.24, a drop of over 15%. (Doc. No. 1 & 19). Given that this eliminated practically all of the Debtor's disposable income, a desired outcome when defending against a § 707(b)(3) action, such a revision naturally becomes the subject of close scrutiny. Insofar as reasonably possible, debtors are expected to disclose accurate information in their original bankruptcy filing. And although a debtor is entitled to amend a petition and schedules at anytime, this ability does not afford the debtor the right to amend their petition so as to conform the facts of their case to a desired outcome.

Yet, in this case, the downward adjustment in the Debtor's income does not appear to be irregular. The biweekly pay advices submitted by the Debtor, as required under 11 U.S.C. § 521(a)(1)(B)(iv) and as used to calculate his original monthly income, show that over the course of three months the Debtor's net income varied between $1,404.15 and $1,121.76, a 20% variance. As such, the 15% decline shown in the Debtor's revised income figure is passably consistent with normal fluctuations in the Debtor's monthly income, making it difficult to impute to the Debtor the higher of the two income figures.

Consequently, for all these reasons, the Court cannot find that, under the 'totality of the circumstances' standard of § 707(b)(3)(B), the Debtor's financial situation demonstrates abuse. In

---

[3] A single debtor, living as the Debtor does in Lucas County, Ohio, is entitled to a non-mortgage, housing expense of $621.00 per month and a vehicle ownership expense of $471.00 per month. http://www.usdoj.gov/ust/eo/bapcpa/20070201/meanstesting.htm.

Page 6

In re Kevin L. Wright
Case No. 06-33294

reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the United States Trustee to Dismiss pursuant to 11 U.S.C. § 707(b)(1), be, and is hereby, DENIED.

Dated: March 22, 2007

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 22nd day of March, 2007 to:

Kevin L. Wright
3649 Watson Ave
Toledo, OH 43612-1038

Gordon R Barry
930 Spitzer Bldg
Toledo, OH 43604

Dean Wyman
Howard M. Metzenbaum U.S. Court House
201 Superior Aveneue, Suite 441
Cleveland, OH 44114-1240

John N Graham
5151 Monroe St
#245
Toledo, OH 43623

                                                /s/Jennifer S Huff
                                        Deputy Clerk, U.S. Bankruptcy Court